INHABITANTS OF MIDDLEBOROUGH *vs.* INHABITANTS OF PLYMPTON.

Plymouth. Oct. 20. — Nov. 4, 1885. FIELD & C. ALLEN, JJ., absent.

The provision of the St. of 1879, *c.* 242, § 2, that a settlement, by a residence of five years in any place within this Commonwealth, shall be deemed to have been gained by any unsettled woman upon the completion of such term of residence, " although the whole or a part of the same accrues before the passage of this act," does not, so far as it is retroactive, apply to a married woman whose husband had no settlement, and who, when the statute went into effect, had a derivative settlement from her father.

CONTRACT for expenses incurred in the relief of Emma J. Haley and her two minor children, whose settlement was alleged to be in the defendant town. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows:

Emma J. Haley, whose maiden name was Emma J. Bonney, was born in Hanover, in this Commonwealth, about January 9, 1845. She lived in Hanover with her father, and in his family, until January 9, 1867, when she went to Plympton and worked in a factory one year, eleven months, and sixteen days. She then returned to her home in Hanover, and was there married to Benjamin F. Haley on January 6, 1869. She and her husband returned to Plympton in June, 1869, and they continued to reside there until April 12, 1882, when they removed to Middleborough, where she died on November 20, 1882. Her two minor children were born in Plympton; and her husband never had any settlement in this Commonwealth. Her father, after he was twenty-one years old, resided in said Hanover, where he had an estate of inheritance, on which he lived from 1849 to 1860, and during the whole time paid, each year, state, county, and town taxes, which were each year duly assessed on his poll and estate.

If, upon these facts, Emma J. Haley had a legal settlement in Plympton, judgment was to be entered for the plaintiff; otherwise, for the defendant.

*E. Robinson,* for the plaintiff.

*H. Kingman,* for the defendant.

MORTON, C. J.  The alleged pauper, Emma J. Haley, did not gain a settlement in Plympton under the provisions of the St. of 1878, *c.* 190, as amended by the St. of 1879, *c.* 242, which were reënacted by the Pub. Sts. *c.* 83, § 1, *cl.* 6, 7.  She did not reside in that town for five years after these statutes went into effect; and when they went into effect she had a settlement in Hanover derived from her father, which was not lost or suspended by her marriage.

The question is not whether a married woman, whose husband has no settlement, would, by five years' residence after the statute took effect, gain a settlement which would defeat a settlement derived from her father.  The question is whether the retroactive provision of the statute applies to this case.  This provision is, that a settlement by five years' residence " shall be deemed to have been gained by any unsettled woman" upon the completion of five years' residence, " although the whole or a part of the same accrues before the passage of this act."  St. 1879, *c.* 242, § 2.

It has been held that by " any unsettled woman " in this provision is meant any woman who has no settlement at the time the statute went into effect.  *Worcester* v. *Great Barrington, ante,* 243.  At that time, Emma J. Haley had, by derivation from her father, a settlement in Hanover.  Gen. Sts. *c.* 69, § 1, *cl.* 1.  St. 1878, *c.* 190, § 1, *cl.* 1.  She was not an "unsettled woman," within the retroactive provision of the St. of 1879, above cited; and it follows that, upon the facts agreed, she gained no settlement in the defendant town.

*Judgment for the defendant.*